United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-50253
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADAN MYERS-PACHECO, also known as Adan Myers,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-445-ALL
--------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Adan Myers-Pacheco appeals from his guilty-plea conviction

for illegal reentry in violation of 8 U.S.C. § 1326(a), (b)(2).

Myers-Pacheco argues that the district court imposed an

unreasonable sentence because it failed to consider the impact of

his belief that he was a United States citizen on the relevant

§ 3553(a) sentencing factors. See 18 U.S.C. § 3553(a)(1)-(5).

Although the court did not identify each factor under § 3553(a),

the court considered and rejected the impact of Myers-Pacheco's

beliefs about his citizenship on the sentencing factors. In

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

fact, the district court's questioning concerning the contradiction between Myers-Pacheco's belief and his action in obtaining a resident alien card reflected the court's skepticism regarding Myers-Pacheco's belief that he was a citizen. Accordingly, Myers-Pacheco has not overcome the presumption of reasonableness. See United States v. Alonzo, 435 F.3d 551, 553-54 (5th Cir. 2006).

Myers-Pacheco also argues, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), that the 46-month term of imprisonment exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Myers-Pacheco's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Myers-Pacheco properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.